RICHARD J. GALUSKA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15609-90.          Filed June 22, 1992.

---

Richard J. Galuska, pro se.
*Linda C. Grobe,* for respondent.

PARKER, *Judge:* By statutory notice of deficiency dated April 12, 1990, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1986 in the amount of $96,144 and additions to tax as follows:

| Sec. 6651(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6654(a) |
|---|---|---|
| $18,153 | [1]$4,807 | $3,229 |

[1]The further addition under sec. 6653(a)(1)(B) is 50 percent of the interest with respect to the underpayment attributable to negligence.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the relevant period, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issue remaining for decision is whether or not petitioner is entitled to an overpayment of his 1986 tax. The fact of an overpayment is not in dispute. What we must decide is whether there is a statutory limitation on the amount of any credit or refund that can be allowed. In so deciding, we must consider whether a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, and/or a Form 2688, Application for Additional Extension of Time to File U.S. Individual Income Tax Return, both of which were filed by petitioner prior to the late filing of his Form 1040, constitute valid tax returns for purposes of sections 6011(a), 6511(b), and 6512(b).

---

[1]The parties have now stipulated that petitioner's total tax liability for 1986 is $1,448 and that petitioner is not liable for the additions to tax pursuant to secs. 6651(a)(1), 6653(a)(1)(A), 6653(a)(1)(B), and 6654(a) for the taxable year 1986.

## FINDINGS OF FACT

Most of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioner resided in LaGrange Park, Illinois, at the time the petition was filed. Petitioner did not file a Form 1040, U.S. Individual Income Tax Return (hereinafter Form 1040), for the taxable year 1986 before September 19, 1991.

On April 15, 1987, petitioner timely filed a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (hereinafter Form 4868), for the taxable year 1986. On August 15, 1987, petitioner also filed a Form 2688, Application for Additional Extension of Time to File U.S. Individual Income Tax Return (hereinafter Form 2688), for the taxable year 1986.

As extended by Forms 4868 and 2688, the time within which petitioner was required to file his Form 1040 for the taxable year 1986 was on or before October 15, 1987. Petitioner did not file his Form 1040 on or before that date.

On April 12, 1990, respondent mailed a notice of deficiency to petitioner for the taxable year 1986. As of April 12, 1990, petitioner still had not filed a Form 1040 for the taxable year 1986 and had not filed any claim for credit or refund with regard to his 1986 income tax liability. On September 19, 1991, petitioner mailed a Form 1040 for the taxable year 1986 to the Internal Revenue Service Center in Kansas City, Missouri, by certified mail.

The parties now agree that petitioner's total income tax liability for 1986 is $1,448. An amount of $3,531 was withheld from petitioner's wages during 1986. In addition, petitioner made a $20,000 estimated tax payment with the Form 4868 filed on April 15, 1987. Respondent has allowed the taxes withheld and paid for the taxable year 1986 to offset the correct tax liability for 1986. The parties have stipulated that the sole issue in this case remaining to be resolved is whether petitioner is entitled to an overpayment of $22,083 for the year 1986.

OPINION

Under section 6512(b)(1), this Court has jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded to the taxpayer for the year at issue. However, section 6512(b)(2) (now sec. 6512(b)(3)) limits the amount of the allowable credit or refund based upon the time of payment of the tax, i.e., paid after mailing of the deficiency notice or paid within certain limitations periods for filing a claim for credit or refund.

Section 6512(b)(2) (now sec. 6512(b)(3) and hereinafter cited as 6512(b)(3)) provides that:

(3) LIMIT ON AMOUNT OF CREDIT OR REFUND.—No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

(A) after the mailing of the notice of deficiency,

(B) within the period which would be applicable under section 6511(b)-(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

(C) within the period which would be applicable under section 6511(b)-(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency—

(i) which had not been disallowed before that date,

(ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or

(iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.

Here, no portion of the 1986 tax was paid after the mailing of the deficiency notice. Sec. 6512(b)(3)(A). No claim for credit or refund had been filed before the date of mailing of the deficiency notice. Sec. 6512(b)(3)(C). The question is whether any portion of the tax was paid within the period that such a claim could have been filed. Sec. 6512(b)(3)(B). The claim need not have actually been filed as long as it could have been filed on April 12, 1990. *Berry v. Commissioner*, 97 T.C. 339, 343 (1991).[2] Petitioner must show that the tax was paid within the periods applicable under section 6511(b)(2), (c), or

---

[2]*Morin v. Commissioner*, T.C. Memo. 1990-404; *Estate of Wheeler v. Commissioner*, T.C. Memo. 1979-321.

(d),[3] which is expressly incorporated by reference into section 6512(b)(3)(B).

Section 6511(a) provides, generally, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever period expires later. Section 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. While section 6511(a) provides the limitations periods for filing claims for credit or refund, section 6511(b), like section 6512(b), also limits the amount of any such credit or refund.

Section 6511(b)(2) provides limitations on the amount of any credit or refund as follows:

(A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD.—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

(B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD.—If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

(C) LIMIT IF NO CLAIM FILED.—If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

Thus, in addition to the statutory limitations on *the time* for filing a claim for credit or refund (the 3- or 2-year period), there are statutory limitations on *the amount* of any credit or refund allowable (amount paid within the 3- or 2-year period).

These statutory limitations on *the time* for filing claims for credit or refund and on *the amount* of any credit or refund that can be allowed have long been applied to other taxpayers who at the time of mailing of the deficiency notice had neither filed a tax return nor filed a refund claim. *Berry v. Commissioner,*

---

[3]Sec. 6511(c) and (d) is clearly inapplicable to the facts of this case, and the parties do not suggest that they have any applicability. Thus, we will not further discuss those provisions.

97 T.C. 339 (1991); *White v. Commissioner*, 72 T.C. 1126, 1130-1134 (1979); *Hosking v. Commissioner*, 62 T.C. 635, 642-644 (1974).[4] While the result may seem harsh where the tax has actually been overpaid by withholding or payments of estimated tax, the result is mandated by the law.

Since petitioner filed no actual claim for credit or refund, any deemed-claim operates from April 12, 1990, the date the deficiency notice was mailed to him. If he had filed no return before that date, then the 2-year period would apply, and no portion of his 1986 tax was paid during the 2 years preceding April 12, 1990. Petitioner's 1986 tax was paid through withholding, which is deemed to have been paid on April 15, 1987, and by an estimated tax payment made or deemed to have been made on April 15, 1987. Sec. 6513(b)(1) and (2). However, petitioner does not challenge *Berry v. Commissioner, supra,* and the other cases cited above where no return had been filed. Petitioner seeks to distinguish the facts of his case. While he concedes that he did not file a Form 1040 for the taxable year 1986 at any time before September 19, 1991, he nonetheless argues that he filed a "return" before April 12, 1990, and thus the amount of any credit or refund of tax that can be allowed is not restricted to amounts paid within the 2-year period.

Petitioner relies upon the Form 4868 that was filed on April 15, 1987, and the Form 2688 that was filed on August 15, 1987, for his 1986 taxable year. Petitioner asserts that he did timely file a tax return, two returns actually,[5] by filing a Form 4868 on April 15, 1987, and a Form 2688 on August 15, 1987. Petitioner, therefore, asserts that since he filed a return the 3-year period provided by section 6511(a) is applicable and that, pursuant to section 6512(b)(2)(B), his refund claim is deemed to have been filed on April 12, 1990. In addition, petitioner notes that section 6511(b)(2)(A) further extends the time for

---

[4]See also *Singer v. Commissioner*, T.C. Memo. 1991-27; *Morin v. Commissioner*, T.C. Memo. 1990-404; *Edgmon v. Commissioner*, T.C. Memo. 1990-344; *Liles v. Commissioner*, T.C. Memo. 1989-613; *Carey v. Commissioner*, T.C. Memo. 1987-452; *Sutherland v. Commissioner*, T.C. Memo. 1987-301; *Nason v. Commissioner*, T.C. Memo. 1984-534; *Straw v. Commissioner*, T.C. Memo. 1983-641; *Poncelet v. Commissioner*, T.C. Memo. 1983-70.

[5]A taxpayer is precluded from filing two returns for one taxable year. *Friedman v. Commissioner*, 97 T.C. 606, 609 (1991), referring to discussion in Saltzman, IRS Practice and Procedure, par. 4.02[3] (2d ed. 1991). However, we will analyze both the Form 4868 and the Form 2688 to determine if one or both of them constitute a valid tax return in this situation.

filing the claim to October 15, 1990, to include the period of his extension of time to file his return.

Petitioner does not contend that a Form 4868 or a Form 2688 is the equivalent of a Form 1040. However, petitioner does assert that both Forms 4868 and 2688 can constitute valid tax returns under section 6011 or section 6103, the regulations, and the elements of a tax return set forth by this Court.

On brief, petitioner points to section 6103(b)(1), which provides a definition of "return" as follows:

SEC. 6103(b). DEFINITIONS.—For purposes of this section—

(1) RETURN.—The term "return" means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.

However, this definition expressly applies "For purposes of this section." Section 6103 addresses the confidentiality and disclosure of returns and return information. See *Estate of Yaeger v. Commissioner,* 92 T.C. 180, 184 (1989). This section seeks to protect the confidentiality of various documents and information provided by taxpayers to the Internal Revenue Service and to prevent any improper disclosure of such documents and information, thus warranting a broad definition of "return" for that particular purpose. However, such a definition is not applicable where the information required on the Form 1040 has not been provided in the first instance. Once a return is filed, all of the attachments, schedules, or other collateral documents related thereto are treated as the "return" for purposes of confidentiality and disclosure under section 6103. See also *Friedman v. Commissioner,* 97 T.C. 606, 610-612 (1991), where a Form 1045, Application for Tentative Refund, was treated as modifying and becoming "an intrinsic part" of earlier filed returns. However, each of the various collateral documents or component parts, standing alone, is not the return required to satisfy a taxpayer's obligation to file a proper Federal income tax return under section 6011.

Section 6011(a) provides the general requirements for a Federal income tax return:

SEC. 6011(a). GENERAL RULE.—When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or for collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.

Section 1.6011-1(b), Income Tax Regs., requires the following:

(b) Use of prescribed forms. Copies of the prescribed return forms will so far as possible be furnished taxpayers by district directors. A taxpayer will not be excused from making a return, however, by the fact that no return form has been furnished to him. Taxpayers not supplied with the proper forms should make application therefor to the district director in ample time to have their returns prepared, verified, and filed on or before the due date with the internal revenue office where such returns are required to be filed. Each taxpayer should carefully prepare his return and set forth fully and clearly the information required to be included therein. Returns which have not been so prepared will not be accepted as meeting the requirements of the Code. In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return, provided that without unnecessary delay such a tentative return is supplemented by a return made on the proper form.

The Supreme Court on a number of occasions has considered the essential elements of a valid tax return, usually for purposes of the statute of limitations. *Badaracco v. Commissioner,* 464 U.S. 386 (1984); *Commissioner v. Lane-Wells Co.,* 321 U.S. 219 (1944); *Zellerbach Paper Co. v. Helvering,* 293 U.S. 172 (1934); *Lucas v. Pilliod Lumber Co.,* 281 U.S. 245 (1930); *Florsheim Bros. Drygoods Co. v. United States,* 280 U.S. 453 (1930). In *Beard v. Commissioner,* 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986), this Court distilled the essence of the Supreme Court's test and applied it to determine whether or not a particular document constituted a tax return for purposes of section 6651(a)(1). Those essential elements, as set out in *Beard v. Commissioner, supra* at 777, are as follows:

First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

Applying the *Beard* test to the case at hand, we conclude that a Form 4868 or a Form 2688 does not constitute a valid tax return. Not all of the elements required for a valid tax return are present. Although petitioner attempted to satisfy some of the requirements of the tax laws and signed the Forms 4868 and 2688 under penalties of perjury, those forms do not purport to be tax returns and do not contain sufficient information with which to calculate tax liability.

We think that petitioner did attempt to satisfy some of the requirements of the tax laws in the sense that he sought and obtained extensions of time for the filing of his tax return. Secs. 6081, 6091. He timely filed a correct Form 4868 as an application for an extension of time within which to file his tax return. Indeed, he filed a second such application on Form 2688 in order to avoid the expiration of the first extension of time. Those efforts, however, were merely preliminary to the filing of a return, not a substitute for filing a return.

This Court also noted in *Beard v. Commissioner*, 82 T.C. at 775 (citing *Commissioner v. Lane-Wells Co.*, 321 U.S. 219, 223 (1944)), that the purpose behind the statute's and regulations' requirement that the prescribed form be used is not solely to obtain necessary tax information but to obtain it with "such *uniformity, completeness,* and *arrangement* that the physical task of handling and verifying returns may be readily accomplished." Such a purpose would not be accomplished by accepting a Form 4868 or a Form 2688 as a valid tax return. Moreover, not every form or document that a taxpayer may file containing computations or tax information constitutes a return. *Friedman v. Commissioner*, 97 T.C. at 609-610. Only by filing a Form 1040, or document containing sufficient information to satisfy the four elements of a valid tax return, has a taxpayer subject to the provisions of section 6012(a)(1) satisfied the requirements of the tax laws for ·filing a tax return.

Although Forms 4868 and 2688 are executed under penalties of perjury, these forms do not purport to be returns. The general instructions accompanying Form 4868 specifically state its purpose: the form is to be used to ask for an automatic 4-month extension of time to file Form 1040A or Form 1040. The instructions advise that a request for an additional extension on Form 2688 must show reasonable cause for the

additional delay in filing a return and should be filed early so that "if denied, you can still file your return on time." If the Form 4868 and the Form 2688 were recognized as returns, such instructions would be unnecessary.

Forms 4868 and 2688 also do not contain sufficient data with which to calculate petitioner's tax liability. They do not require any information regarding petitioner's filing status, exemptions, income, or deductions. The only information supplied with Form 4868 is summary tax information: total income tax liability, Federal income tax withheld, estimated tax payments, and other payments and credits expected to be shown on Form 1040A or Form 1040, and income tax balance due.

The last sentence of section 1.6011-1(b), Income Tax Regs., allows for "a tentative return" to be filed if it contains a disclosure of gross income and deductions therefrom and if it is supplemented by a return on the proper form without unnecessary delay. Even if we could conclude that the 4 years it took petitioner to file his Form 1040 for the taxable year 1986 did not constitute an "unnecessary delay" due to the personal illnesses and tragedies experienced by petitioner,[6] we cannot conclude that a Form 4868 or a Form 2688 constitutes a "tentative return". Neither form contained sufficient information from which respondent could have calculated petitioner's income tax liability. Consistently, this Court has held that even Forms 1040, the proper form upon which to make a tax return, are not valid tax returns if they do not show sources of income, deductions, credits, or any computations of tax. See, e.g., *White v. Commissioner,* 72 T.C. 1126 (1979).

Petitioner has primarily relied upon *Dixon v. United States,* 7 Cl. Ct. 377 (1985), to support his main proposition that the Form 4868 is a valid tax return. Petitioner asserts that the Claims Court in *Dixon* clearly acknowledged the Form 4868 as a return and the Form 1040, filed much later, as a timely

---

[6]Petitioner testified that he and members of his family experienced various illnesses and the deaths of close relatives during 1987 through 1991. Although this Court sympathizes with petitioner's circumstances, such personal occurrences nevertheless do not usually excuse a taxpayer from filing a valid tax return in a timely manner. Irrespective of this general proposition concerning timeliness, petitioner has not satisfied the basic content requirements for a valid return.

claim for refund. That is not what the Claims Court did. In that case, plaintiff Dixon sought to recover an overpayment of income taxes in the amount of $2,452 for the taxable year 1979. During 1979, $17,544 was withheld from Dixon's wages. On April 15, 1980, Dixon filed an application for a 2-month extension of time within which to file his Federal income tax return. With his application, Dixon made an estimated tax payment of $4,000. Dixon did not file his tax return within the extension period. He finally filed the return on December 20, 1983, reporting a Federal income tax due of $19,092 and requesting a refund of $2,452 ($17,544 plus $4,000 less $19,092).

The Claims Court concluded that Dixon's 1979 tax return (Form 1040), filed December 20, 1983, constituted a timely claim for refund. The Government conceded that the refund claim was filed within 3 years from the time the return was filed under section 6511(a). In other words, the Form 1040 was both the tax return and the claim for refund. However, the Claims Court also found that the amounts Dixon sought to have refunded to him were paid outside the 3-year period prescribed by section 6511(b)(2)(A) and, therefore, were unrecoverable.

That case does not help petitioner. This Court could agree with the Claims Court's conclusion that a late filed tax return can constitute a timely claim for refund; however, the limitations on *the amount* of any credit or refund allowable under section 6511 would still prohibit recovery in this case as the amount limitations did in *Dixon v. Commissioner, supra.* The Claims Court concluded that the late tax return filed by Dixon on December 20, 1983, was a timely claim for refund because the December 20 return constituted both the return and the claim for refund. However, the Claims Court did not treat the application for extension as a valid tax return. Had the Claims Court deemed the application for extension to have been a valid tax return, the claim for refund made on December 20, 1983, would not have been timely since the claim was filed more than 3 years after the application for extension (what petitioner treats as the "return") was filed. Moreover, Dixon did not recover any of his overpayment of tax because he had not paid any Federal income taxes for 1979 within the 3 years immediately preceding the filing of the claim for

refund of such taxes. As in *Dixon v. Commissioner, supra,* we could hold that petitioner's September 19, 1991, late-filed tax return constituted a timely claim for refund; however, petitioner still does not recover because the amounts petitioner seeks were paid or deemed paid on April 15, 1987, more than the 3 years, plus the extension period, immediately preceding petitioner's refund claim of September 19, 1991.

Thus, we conclude that the 2-year period is applicable to petitioner because no tax return for the taxable year 1986 had been filed at the time the notice of deficiency was mailed. Furthermore, petitioner could not have filed a timely claim for credit or refund on the date of notice of deficiency. Even if such a timely claim could have been filed, the amount to which petitioner would be entitled would be zero because he did not pay (nor was deemed to have paid) any of the 1986 taxes within the 2-year period immediately preceding such a refund claim or deemed-refund claim (i.e., date of deficiency notice). Sec. 6511(b)(2)(B).

On this record no credit or refund of any part of any overpayment for the 1986 taxable year is allowable. We hold that petitioner is not entitled to an overpayment for his 1986 tax year.

To reflect the above holding and the parties' concessions,

*Decision will be entered under Rule 155.*