SHIGEKO RAKOSI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rakosi v. Commissioner
Docket No. 25734-88
United States Tax Court
T.C. Memo 1993-68; 1993 Tax Ct. Memo LEXIS 74; 65 T.C.M. (CCH) 1977; March 1, 1993, Filed *74 Decision will be entered under Rule 155. For petitioner: Attila Rakosi (specially recognized). For respondent: Stephen S. Ash. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653(a)(1)
Sec. 6654
Sec. 6661
1983
$ 8,634
$ 1,162.75
[1] $ 431.70
$ 261.32
$ 2,158.50
1984
9,884
1,296.75
[1] 494.20
252.18
2,471.00
1985
10,624
1,392.00
[1] 531.20
246.64
2,656.00
We resolved the majority of the issues presented in this case by a prior order in which we partially granted respondent's motion to enter a decision against petitioner pursuant to a proposed decision document submitted by respondent. After the issuance of this order and a concession by respondent, the only issue remaining for decision *75 is whether petitioner is barred pursuant to the time limitations specified within sections 6511 [1] and 6512(b)(2) from recovering an overpayment of her 1983 tax. We hold that she is barred from recovering this overpayment. FINDINGS OF FACT Form 843, Refund Claim for Taxable Year 1983
On April 16, 1984, petitioner alleges that she filed a Form 843 with the Internal Revenue Service (IRS) requesting a refund of the Federal income tax withheld in taxable year 1983 in the amount of $ 3,983. Petitioner's husband, Attila Rakosi, alleges that he personally prepared, signed, and mailed this purported refund claim to the IRS. Mr. Rakosi acknowledges that respondent never responded to this particular Form 843 and that he never made a further request regarding its status. Petitioner has submitted to the Court a copy of this purportedly filed Form *76 843. This submitted copy does not contain an IRS stamp or any other evidence indicating that it was received by the IRS. Respondent has no record of having received this particular Form 843. 1983 Tax Return
On April 15, 1987, petitioner alleges that she and her husband filed a joint Federal income tax return for taxable year 1983 in which they requested a refund of a portion of the Federal income tax withheld in 1983. Petitioner claims that her husband prepared, dated, and presented this return to her for her signature. Petitioner believes that Mr. Rakosi then brought the return to a U.S. Post Office to mail to the IRS. Petitioner does not remember accompanying her husband to the Post Office on this particular occasion. Petitioner has submitted to the Court a copy of this purportedly filed 1983 tax return. The submitted copy does not contain an IRS stamp or any other evidence indicating that it was received by the IRS. Respondent has no record of having received this particular tax return. By the time petitioner purportedly filed this tax return, petitioner's husband had adopted a standard procedure in which he sent a duplicate copy of all tax returns to himself at *77 the time he sent such to the IRS. Mr. Rakosi believed that this procedure established that a return existed as of the postmarked date affixed on the envelope. Prior to adopting this procedure, the IRS had not lost any returns, claims, or other documents filed by petitioner and/or her husband. Mr. Rakosi alleges that he followed this procedure when he filed the above-referenced 1983 tax return on April 15, 1987. Petitioner did not submit to this Court a postmarked, self-addressed envelope containing this purportedly filed tax return. Form 843, Refund Claims for Other Taxable Years
For taxable years 1978 through 1982 and taxable years 1984 through 1987, petitioner alleges that she and/or her husband submitted Forms 843 to the IRS seeking a refund of the Federal taxes paid for those years. Petitioner has submitted copies of Form 843 for each of these years. Other than the form submitted for 1986, each Form 843 contained an IRS stamp or an official IRS signature indicating that it was received by respondent. Petitioner's husband stated that filing a Form 843 had become a standard procedure for him and petitioner by the time he allegedly filed the Form 843 for 1983 on April *78 16, 1984. Notice of Deficiency and Previous Procedural Status
On July 1, 1988, respondent issued a separate notice of deficiency to petitioner for each of the taxable years 1983, 1984, and 1985. Petitioner and her husband thereafter timely filed a petition for redetermination of these deficiencies. By a subsequent order of this Court, Mr. Rakosi was dismissed as a party to the case. Within her petition for redetermination, petitioner requested a refund of the Federal tax paid in the years at issue. Petitioner specifically stated within her petition that: As the basis of this case Petitioners allege as follows: * * * 1b) Timely claims for Refund on "form 843" (stating- &/or referring to previously filed points & authorities based on case-law and pertinent I.R.C. provisions,) have been made and filed with-, and receipted by I.R.S., PHOENIX, AZ. for income- and social security taxes believed to have been erroneously and illegally withheld. The refunds are due inter alia, pursuant to I.R.C. Sec. 6411(d) and 1341(b)(1). That "exemption" / ownership / claim of right issue is pending in CA-9.
On November 28, 1988, respondent filed an answer to this *79 petition, and in response to the above-referenced paragraph "1b)" stated, "Admits petitioners filed claims for refund but denies the remaining allegations contained in paragraph 1b) of the petition." Thereafter, the parties filed a stipulation of settled issues and agreement to be bound in which they settled many issues and agreed therein to be bound by a decision of the United States Court of Appeals for the Ninth Circuit which involved the litigation of petitioner's 1981 and 1982 tax years. On June 7, 1990, the Ninth Circuit affirmed the Court's decision in an unpublished opinion. Rakosi v. Commissioner, 904 F.2d 41 (9th Cir. 1990), affg. T.C. Memo. 1988-149. Respondent then filed a motion for order to show cause why a decision should not be entered against petitioner for taxable years 1983, 1984, and 1985. At this time, respondent also lodged with the Court a proposed decision document for each of these taxable years and requested that the Court enter a decision in accordance with the decision document. We thereafter issued an opinion in response to respondent's motion, which is reported at Rakosi v. Commissioner, T.C. Memo. 1991-630. *80 On December 17, 1991, we issued an order pursuant thereto in which we granted respondent's motion in part by determining that respondent's proposed decision relating to petitioner's 1984 and 1985 taxable years was correct and in accord with the parties' stipulation to be bound. With respect to petitioner's 1983 taxable year, we determined that respondent's proposed decision document was correct and in accord with the stipulation to be bound in all respects except for two issues which remained to be decided. We then restored the remaining two issues to the general docket for further disposition. The two issues thereafter remaining for decision regarding taxable year 1983 were the number of personal exemptions to which petitioner was entitled and whether petitioner was entitled to a refund of overpaid income tax pursuant to section 6511. Respondent has since conceded that petitioner is entitled to three personal exemptions for taxable year 1983. Respondent apparently also has conceded that petitioner overpaid her 1983 Federal tax. The question remains whether the applicable limitations periods bar her recovery of that overpayment in this suit. OPINION Section 6511(a) provides, *81 generally, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever period expires later. Section 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Section 6511(b)(2) provides limitations on the amount of any credit or refund as follows: (A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim. (B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not *82 exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) LIMIT IF NO CLAIM FILED. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.
Pursuant to section 6512, this Court has jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded to a taxpayer for years that are properly before this Court. Like section 6511(b)(2), however, section 6512(b)(2) provides limitations on the amount of any credit or refund. Section 6512(b)(2) provides as follows: (2) LIMIT ON AMOUNT OF CREDIT OR REFUND. No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the *83 Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
Section 6512(b)(2)(A) -- Tax Paid After Issuance of Notice of Deficiency
Petitioner is deemed to have paid her withheld 1983 Federal income tax on April 15, 1984. Sec. 6513(b)(1). Accordingly, because petitioner paid this tax prior to the date respondent issued the notice of deficiency on July 1, 1988, none of the 1983 tax was paid within the period provided by section 6512(b)(2)(A). Section 6512(b)(2)(B) -- Tax Paid Before Deemed Refund Claim
Petitioner also has not paid her 1983 tax within the period provided by section 6512(b)(2)(B). In order *84 for this section to apply, the taxpayer must have paid her tax within the period applicable under section 6511(b)(2), (c), or (d). [2] In applying section 6511(b)(2), section 6512(b)(2)(B) provides that the taxpayer need not have actually filed a refund claim so long as one could have been filed on the date the notice of deficiency was issued. Sec. 6512(b)(2)(B); Allen v. Commissioner, 99 T.C.     (1992); Galuska v. Commissioner, 98 T.C. 661, 664 (1992); Berry v. Commissioner, 97 T.C. 339, 343 (1991). The initial step in applying section 6511(b)(2) in conjunction with section 6512(b)(2) involves determining if and when the taxpayer filed a tax return for the year then at issue. If no tax return has been filed on the date the notice of deficiency was issued, the 2-year period specified within section 6511(a) and (b) is applicable in applying section 6512(b)(2)(B). Sec. 6511(a) and (b); Galuska v. Commissioner, supra at 666, 672. *85 In the instant case, petitioner contends that she filed a joint 1983 Federal tax return on April 15, 1987. Respondent, however, has no record of receiving this return. The copy of the tax return submitted by petitioner as purportedly filed on this date does not contain an IRS stamp or any other evidence indicating that it was received by respondent. Petitioner did not submit a copy of a self-addressed, postmarked envelope containing a copy of this tax return as was standard procedure for herself and her husband at this time. Petitioner has presented only her self-serving testimony and that of her husband indicating that she filed this 1983 tax return. Accordingly, we find that petitioner has failed to prove that she filed the 1983 tax return on the date contended. Again, if a tax return has not been filed on the date the notice of deficiency was issued, the 2-year period specified within section 6511(a) and (b) is applicable in applying section 6512(b)(2)(B). Since petitioner is deemed to have paid her 1983 tax on April 15, 1984, the tax was not paid within the 2-year period preceding the issuance of the notice of deficiency on July 1, 1988, and, thus, was not paid within *86 the time period specified in section 6512(b)(2)(B). Section 6512(b)(2)(C) -- Tax Paid Before Actual Refund Claim
Finally, petitioner also has not paid her 1983 tax within the period specified by section 6512(b)(2)(C). For this section to apply, petitioner must establish, inter alia, that she filed a refund claim prior to the issuance of the notice of deficiency and within the applicable period specified in section 6511. While respondent admits within her answer that petitioner filed a refund claim for overpayment of her 1983 tax, she did not admit that petitioner filed a claim for refund within the applicable period specified in section 6511(a). Thus, petitioner must prove that she in fact did file a refund claim within this applicable period. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner alleges that she filed a refund claim for taxable year 1983 on April 15, 1987, via the purportedly filed 1983 joint Federal income tax return. As discussed supra pp. 9-10, petitioner has failed to prove that she actually filed this return. Petitioner also contends that she filed a refund claim for overpayment of her 1983 tax on April *87 16, 1984, via a Form 843. Petitioner contends that the filing of an annual refund claim had become a standard procedure for her and Mr. Rakosi at this point in time. Respondent, however, has no record of receiving a Form 843 from petitioner dated April 16, 1984. Further, the copy submitted as that allegedly filed by petitioner on that date does not contain an IRS stamp or any other evidence indicating that it was received by respondent. Finally, petitioner has introduced no evidence establishing that respondent denied or otherwise acted upon the purportedly filed Form 843 or that she or her husband subsequently inquired with the IRS about the status of the claim. Again, petitioner has presented only her self-serving testimony and that of her husband indicating that she filed the above-referenced Form 843 on April 16, 1984. Petitioner has presented no further evidence establishing that she timely filed this or any other claim of refund for overpayment of her 1983 tax. Therefore, we find that petitioner has failed to prove that section 6512(b)(3)(C) is applicable to the instant case. Conclusion
On this record, no credit or refund of any part of any overpayment for the *88 1983 taxable year is allowable. We hold that petitioner is not entitled to a refund for overpayment of her 1983 tax. To reflect the foregoing, the parties' concessions, our opinion reported at Rakosi v. Commissioner, T.C. Memo. 1991-630, and our December 17, 1991, order, Decision will be entered under Rule 155. Footnotes
1. Plus 50 percent of the interest due on the portion of the underpayment attributable to negligence pursuant to sec. 6653(a)(2).↩
1. All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The facts as presented do not indicate that subsection (c) or (d) of sec. 6511 is applicable to the instant case. Therefore, we do not further discuss the applicability of these two subsections.↩