JAMES AUBREY SUMIEL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sumiel v. Commissioner
Docket No. 15719-91
United States Tax Court
T.C. Memo 1993-104; 1993 Tax Ct. Memo LEXIS 105; 65 T.C.M. (CCH) 2142; March 24, 1993, Filed *105 For petitioner: David A. Slacter. For respondent: Richard D. Fultz. HAMBLEN
HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Chief Judge: By statutory notice of deficiency dated April 17, 1991, respondent determined a deficiency in petitioner's 1987 Federal income tax and additions to tax as follows: Additions to tax
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6651(a)
$ 11,762
$ 588.10
[1]
$ 995.75
By statutory notice of deficiency dated April 24, 1991, respondent determined a deficiency in petitioner's 1988 Federal income tax and additions to tax as follows: Additions to tax
Deficiency
Sec. 6653(a)(1)
Sec. 6651(a)
Sec. 6654(a)
$ 10,613
$ 530.65
$ 1,005.50
$ 210
Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable year at issue, and Rule references are to the Tax Court Rules of *106 Practice and Procedure. After concessions, [1] the sole issue for decision is whether petitioner is entitled to an overpayment of his 1988 income tax, or whether the statutory time limitations of sections 6511 and 6512(b)(2) proscribe such a determination. OPINION This case was submitted fully stipulated under Rule 122. The stipulation and attached exhibits are incorporated by this reference. Petitioner resided in Silver Spring, Maryland, at the time the petition was filed in this case. Petitioner did not timely file a Federal income tax return for 1988, nor did he file a request for an extension of time to file his 1988 tax return. During the taxable year 1988 petitioner was employed by the U.S. House of Representatives. During 1988, petitioner earned $ 40,677 in wages and $ 7,311 in self-employment income. As a result of Federal income tax withholding from his salary by his employer, petitioner paid *107 a total of $ 6,591.12 of his 1988 tax liability. No income tax was withheld from the self-employment income. The parties have agreed that petitioner's correct 1988 income tax liability was $ 4,872. Accordingly, there was an overpayment in the amount of $ 1,719.12. On April 24, 1991, respondent issued a notice of deficiency to petitioner relating to his 1988 income tax liability. As of that date, petitioner had not filed an income tax return for 1988 or a claim for refund for 1988. However, on April 13, 1992, petitioner delivered his 1988 income tax return to the Internal Revenue Service in Wheaton, Maryland, reflecting an overpayment of $ 3,076. Petitioner filed his petition with this Court on July 15, 1991. Under section 6512(b)(1), this Court has jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded to a taxpayer. [2]Allen v. Commissioner, 99 T.C.     (1992); Galuska v. Commissioner, 98 T.C. 661 (1992). However, section 6512(b)(2) (now section 6512(b)(3) and hereinafter cited as (b)(3)) limits the amount of allowable credit or refund based on the time of payment of the tax. Section *108 6512(b)(3) provides that no credit or refund shall be allowed, unless this Court determines that the portion was paid by the taxpayer at or during one of the three time periods specified in subparagraphs (A), (B), or (C). There is no dispute between the parties that subparagraph 6512(b)(3)(B) is the applicable provision in this case. Section 6512(b)(3)(B) provides that: No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid * * * within the period which would be applicable under section 6511(b)(2), (c), *109 or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, * * *. [Emphasis added.]
Petitioner, therefore, must show that the tax was paid within the periods applicable under section 6511(b)(2), (c), or (d). Section 6511(a) provides, generally, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever period expires later. Section 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Thus, section 6511(a) provides the limitations periods for filing claim for credit or refund. Section 6511(b)(2), like section 6512(b)(3), limits the amount of any credit or refund. Section 6511(b)(2) contains what are commonly referred to as "look-back" rules and provides in relevant part: (A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount *110 of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
The decisive issue in this case is whether subparagraph (A) or (B) of section 6511(b)(2) applies to petitioner's claim for credit qor refund. If the 3-year period of subparagraph (A) applies, petitioner is entitled to a credit or refund of his overpayment of tax for 1988. If the 2-year period of subparagraph (B) applies, he is not entitled to such a credit or refund. This Court has consistently held that where the taxpayer failed to file a tax return prior to the time the notice of deficiency was mailed, the 2-year limitations period of subparagraph (B) of section 6511(b)(2) rather than the 3-year limitations period of subparagraph (A) of that section is applicable. Allen v. Commissioner, supra *111 ; Galuska v. Commissioner, supra; Berry v. Commissioner, 97 T.C. 339, 344 (1991); White v. Commissioner, 72 T.C. 1126 (1979). This is so regardless of whether a claim for credit or refund is filed subsequent to the date the notice of deficiency is mailed. See Allen v. Commissioner, supra, see also Durham v. Commissioner, T.C. Memo. 1993-21; Hall v. Commissioner, T.C. Memo. 1989-651; Nason v. Commissioner, T.C. Memo. 1984-534. In Allen v. Commissioner, supra, we reasoned that the use in section 6511(a) of the imperative "shall be filed", in conjunction with the use of the past tense "was filed" in relation to the return, indicated that in order for the 3-year period of limitations to apply, the return must be filed at or before the time at which the claim for credit or refund is filed or deemed filed. Thus, if no return had been filed at the time the claim for refund is deemed filed, a return filed subsequent to that time will not cause the 3-year period of limitations to apply. *112 Id. (slip op. at 7-8). Since at the time the notice of deficiency was mailed, petitioner had not filed a 1988 tax return, subparagraph (A) of section 6511(b)(2) does not apply in this case. See Berry v. Commissioner, supra at 345. Petitioner relies on Domtar Newsprint Sales, Ltd. v. United States, 193 Ct. Cl. 505, 435 F.2d 563 (1970), in support of his contention that the 3-year limitation period is applicable in this case. Domtar is distinguishable from petitioner's case. In Domtar, the tax return was filed prior to the time the claim for refund was filed. In such a situation, the 3-year look-back period of section 6511(b)(2)(A) applies. By contrast, no tax return had been filed at the time petitioner's claim was deemed to have been filed in this case. Section 6511(b)(2)(B) provides that where a return has not been filed, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. Berry v. Commissioner, supra at 345. A claim for refund need not actually be filed; *113 section 6512(b)(3)(B) only requires that a timely claim could have been filed seeking an overpayment at the time the deficiency notice was mailed. Allen v. Commissioner, supra; Galuska v. Commissioner, supra.
A taxpayer is deemed to have filed a claim for a credit or refund on the date the notice of deficiency is mailed. Sec. 6512(b)(3)(B); Allen v. Commissioner, 99 T.C.     (slip op. at 4) (1992). The notice of deficiency in this case was mailed on April 24, 1991. Consequently, according to section 6512(b)(3)(B), petitioner is only entitled to recover the portion of the tax paid on or after April 24, 1989. Sec. 6512(b)(3)(B); Allen v. Commissioner, supra (slip op. at 4); Berry v. Commissioner, supra; Davison v. Commissioner, T.C. Memo. 1992-709. Pursuant to section 6513(b)(1), [3] petitioner is deemed to have paid $ 6,591.12 of his 1988 taxes on April 15, 1989. Because petitioner paid his 1988 taxes more than 2 years prior to the date on which the claim was deemed to have been filed, the credit or refund of the overpayment is barred. *114 Although the result in this case may seem harsh, had petitioner timely filed his 1988 tax return, as he is required to do by law, he would have been entitled to a credit or refund. "The unhappy result for petitioner is the consequence of a 'problem of * * * [his] own creation'." Allen v. Commissioner, supra (slip op. at 8) (citing Berry v. Commissioner, 97 T.C. 339, 345 (1991)). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. 50% of the interest payable under sec. 6601 with respect to the portion of the underpayment attributable to negligence.↩
1. Petitioner, in his brief, conceded that he was not entitled to a credit or refund for the 1987 tax year.↩
2. Sec. 6512(b)(1) provides in pertinent part: Except as provided by paragraph (2) * * * if the Tax Court finds that there is * * * a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.↩
3. Sec. 6513(b)(1) provides, in general, that any tax deducted and withheld at the source during any calendar year shall "be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31."↩