JANE M. RICHARDS, f.k.a. JANE M. MORGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richards v. Commissioner
Docket No. 1564-91
United States Tax Court
T.C. Memo 1993-102; 1993 Tax Ct. Memo LEXIS 103; 65 T.C.M. (CCH) 2137; March 24, 1993, Filed *103 Decision will be entered for petitioner as to the deficiency and additions to tax and for respondent as to the overpayment. For petitioner: Kevin L. Brown. For respondent: Christopher L. Neal. JACOBS
JACOBS
MEMORANDUM OPINION JACOBS, Judge: Respondent determined a deficiency in and additions to petitioner's Federal income taxes for 1987 as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
$ 15,407
$ 867.75
$ 770.35
[1]
Respondent concedes that there is no deficiency for 1987 and that petitioner is not liable for any of the additions to tax. The only issue presented for decision is whether petitioner's claim for a $ 15,289 tax refund is barred by the time limitations specified in sections 6511 and 6512(b)(2). All section references are to the Internal Revenue Code. Background
All the facts have been stipulated. The *104 stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner, an accountant, resided in Colorado at the time her petition was filed in this case. She and her husband, H. Glenn Richards, filed a joint Federal income tax return for 1987 on January 23, 1991, which was after the statutory notice of deficiency was mailed on October 22, 1990. The return, which claimed a $ 15,289 overpayment to be refunded, was accepted as filed by respondent. Petitioner's 1987 Federal income tax payments consisted of $ 14,131 in withheld taxes and $ 1,158 in excess Social Security taxes withheld, or total payments of $ 15,289. These taxes were deemed paid on April 15, 1988. No taxes were paid after the notice of deficiency was mailed, and no claim for refund was filed before the notice of deficiency was mailed. Discussion
Petitioner claims entitlement to a refund of $ 15,289; respondent contends such refund is barred by the statute of limitations. Petitioner posits her refund is not barred by the statute of limitations because she timely filed a claim for refund for the overpayment of taxes deemed paid on April 15, 1988. She asserts that the 3-year *105 period preceding the filing of the refund claim (January 23, 1988, to January 23, 1991) includes the taxes deemed paid on April 15, 1988, and, therefore, the period of limitations provided in section 6511(b)(2)(A) applies. To the contrary, respondent contends that section 6511(b)(2)(B) controls, when applied in conjunction with section 6512(b)(2)(B). We agree with respondent. Section 6511(a) provides, generally, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever period expires later. Section 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Section 6511(b)(2) provides limitations on the amount of any credit or refund, as follows: (A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period *106 of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim. (B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) LIMIT IF NO CLAIM FILED. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.
Pursuant to section 6512, we have jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded to a taxpayer for years that are properly before us. Like section 6511(b)(2), however, section 6512(b)(2) provides limitations on the amount of any credit or refund. Section 6512(b)(2) provides: (2) LIMIT ON AMOUNT OF CREDIT OR REFUND. No such credit or refund shall be allowed or made of any portion *107 of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
The issue confronting us here was thoroughly considered, analyzed, and decided in our recent opinion in Allen v. Commissioner, 99 T.C.     (1992), on appeal (6th Cir., Feb. 16, 1993). *108 The Allen opinion controls the disposition of this case. See also Galuska v. Commissioner, 98 T.C. 661 (1992); Berry v. Commissioner, 97 T.C. 339 (1991), and several memorandum opinions cited therein at 345 n.7. Section 6512(b)(2)(B) tests the applicable limitations period of section 6511 against a hypothetical claim for refund filed on the date the notice of deficiency was mailed. Thus, the focus here is the applicable "look-back" period as measured from October 22, 1990. A refund claim made on October 22, 1990, would be timely for a return filed on or after October 22, 1987, or taxes paid on or after October 22, 1988. Petitioner did not file her Federal income tax return during the 3-year period from October 22, 1987, to October 22, 1990, nor were her taxes for 1987 paid on or after October 22, 1988. Petitioner filed her 1987 return on January 23, 1991, and the taxes creating the overpayment for 1987 are deemed paid on April 15, 1988. Consequently, the payments do not fall within the 3-year period applicable under section 6511(b)(2)(A), and petitioner is not eligible for an overpayment of amounts paid within *109 3 years plus the period of any extensions. Petitioner's withheld tax payments also do not fall within the 2-year period of section 6511(b)(2)(B). Her taxes for 1987 were deemed paid on April 15, 1988, approximately 2 years and 6 months prior to October 22, 1990, the date the notice of deficiency was mailed. That date falls outside the 2-year period of section 6511(b)(2)(B). See White v. Commissioner, 72 T.C. 1126 (1979). Petitioner's reliance on Dillard v. Commissioner, T.C. Memo. 1992-126, is misplaced. As we said in Allen v. Commissioner, supra at     (slip op. at 11): Although there is some language in Dillard that superficially appears to support petitioner, the ultimate result reached there was against the taxpayer, and we do not regard that case as in point here.
Other cases, and a revenue ruling, cited by petitioner are either distinguishable or not controlling. Conclusion
We conclude that no refund of any part of any overpayment for the 1987 taxable year is allowable. Therefore, we hold that petitioner is not entitled to a refund for overpayment of her 1987 income taxes because *110 her claim for refund is barred by the statute of limitations. [1]
To reflect the foregoing and respondent's concessions, Decision will be entered for petitioner as to the deficiency and additions to tax and for respondent as to the overpayment. Footnotes
1. 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment attributable to negligence.↩
1. We note that we have jurisdiction by virtue of the notice of deficiency and the timely petition filed herein. The fact that sec. 6512(b)(2)(B) in essence denies petitioner's entitlement to an overpayment does not negate our jurisdiction.↩