T.C. Memo. 1999-121


UNITED STATES TAX COURT


RONALD W. STEWART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23541-97.                    Filed April 12, 1999.


Ronald W. Stewart, pro se.

<u>John R. Gilbert</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined deficiencies and
additions to tax in petitioner's Federal income tax as follows:

| Year | Deficiency | Additions to Tax | |
|------|-----------|------------------|---------|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1992 | $30,790 | $2,345 | $305 |
| 1993 | 29,153 | 2,686 | 364 |
| 1994 | 23,117 | 1,061 | 111 |
| 1995 | 44,177 | 4,809 | 898 |

Subsequent to the filing of his petition, petitioner filed delinquent Federal income tax returns for each of the years 1992 through 1995, inclusive. Each of petitioner's returns was due on or before April 15, following the close of the calendar year. Sec. 6072(a).[1] The returns for each of the years 1992 through 1994, inclusive, claim credit for tax withheld from petitioner's wages and claim an overpayment of tax for those respective return years. Respondent accepted each of the returns as filed. As a consequence of respondent's accepting the returns for 1992 through 1995, assessing the tax reported on the returns, and other concessions, petitioner overpaid tax for the years 1992, 1993, and 1994. In respondent's post trial memorandum, he concedes an overpayment of $3,067 for 1992. The amount of the overpayment ($3,067) is the sum of a $2,993 overpayment from 1996 and the $74 overpayment that petitioner claimed on his 1992 return.

The issues for decision are: (1) Whether petitioner's overpayments of tax for the taxable years 1993 and 1994 are either partially or fully time barred under sections 6511(b) and 6512, and (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for the taxable year 1995.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioner resided in Laurel Springs, New Jersey, at the time of filing his petition and amended petition with this Court. After filing his petition in this case, petitioner filed delinquent Federal income tax returns for each of the years in issue. The returns for 1992, 1993, 1994, and 1995 are dated January 15, 1998, January 31, 1998, February 7, 1998, and February 23, 1998, respectively. No requests for extensions of time to file were requested or granted.

Petitioner's 1992 and 1993 tax returns claim capital loss carryover deductions emanating from a nonbusiness bad debt incurred in 1990. The capital loss carryovers claimed in 1992 and 1993 are $3,000 and $788,[2] respectively. Petitioner's tax return for the 1994 year does not claim any capital loss carryforward. Petitioner's tax returns show tax liabilities in the following amounts:

|         | Years |         |         |
| ------- | ----- | ------- | ------- |
|         | 1993  | 1994    | 1995    |
| Amount: | $15,594 | $15,787 | $25,113 |

Petitioner had taxes withheld from his wages for each of the years in issue. The amounts withheld for the years 1993 through 1995 are as follows:

---

[2]All amounts have been rounded to the nearest dollar.

|  | Years | | |
| --- | --- | --- | --- |
|  | 1993 | 1994 | 1995 |
| Amount withheld: | $18,457 | $18,875 | $24,943 |

Respondent issued notices of deficiency for the years 1994 and 1995 on September 17, 1997, and for the year 1993 on October 1, 1997.

OPINION

Our jurisdiction to determine an overpayment and order a refund is provided in section 6512.[3]  The Supreme Court has

_____

[3]Sec. 6512(b) provides in relevant part:

    (1) Jurisdiction to determine.--Except as provided by paragraph (3) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

         *    *    *    *    *    *    *

    (3) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--
         (A) after the mailing of the notice of deficiency,
         (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or
         (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of
                                              (continued...)

recently interpreted this provision.  In <u>Commissioner v. Lundy</u>,

516 U.S. 235 (1996), the Court stated:

> The analysis dictated by section 6512(b)(3)(B) is not elegant, but it is straightforward.  * * * all that matters for the proper application of section 6512(b)(3)(B) is that the "claim" contemplated in that section be treated as the only mechanism for determining whether a taxpayer can recover a refund. Section 6512(b)(3)(B) defines the look-back period that applies in Tax Court by incorporating the look-back provisions from section 6511(b)(2), and directs the Tax Court to determine the applicable period by inquiring into the timeliness of a hypothetical claim for refund filed "on the date of the mailing of the notice of deficiency."

> To this end, section 6512(b)(3)(B) directs the Tax Court's attention to section 6511(b)(2), which in turn instructs the court to apply either a 3-year or a 2-year look-back period.  See sections 6511(b)(2)(A) and (B) (incorporating by reference section 6511(a)); * * * To decide which of these look-back periods to apply, the Tax Court must consult the filing provisions of section 6511(a) and ask whether the claim described by section 6512(b)(3)(B)--a claim filed "on the date of the mailing of the notice of deficiency"--would be filed "within 3 years from the time the return was filed."  See section 6511(b)(2)(A) (incorporating by reference section 6511(a)).  If a claim filed on the date of the mailing of the notice of deficiency would be filed within that 3-year period, then the look-back

---

[3](...continued)
any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency--
> (i) which had not been disallowed before that date,
> (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or
> (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.

period is also three years and the Tax Court has jurisdiction to award a refund of any taxes paid within three years prior to the date of the mailing of the notice of deficiency. Secs. 6511(b)(2)(A) and 6512(b)(3)(B). If the claim would not be filed within that 3-year period, then the period for awarding a refund is only two years. Secs. 6511(b)(2)(B) and 6512(b)(3)(B).

In this case, we must determine which of these two look-back periods to apply when the taxpayer fails to file a tax return when it is due, and the Commissioner mails the taxpayer a notice of deficiency before the taxpayer gets around to filing a late return. * * * We think the proper application of section 6512(b)(3)(B) * * * requires that a 2-year look-back period be applied. [Commissioner v. Lundy, supra at 242-243.]

In 1993, petitioner had tax withheld from his wages in the total amount of $18,457. This amount is deemed to have been paid on April 15, 1994. Sec. 6513(a). Respondent has conceded that petitioner's tax liability is $15,594, the amount shown by petitioner on his 1993 return. This results in an overpayment of $2,863. Most of this overpayment ($2,642) is time barred because the date on which the notice of deficiency was mailed, the hypothetical claim for refund, is more than 2 years from the date (April 15, 1994) the tax was deemed paid. Secs. 6511(b)(2)(B), 6512, 6513(a); Commissioner v. Lundy, supra; Galuska v. Commissioner, 5 F.3d 195 (7th Cir. 1993), affg. 98 T.C. 661 (1992); Allen v. Commissioner, 99 T.C. 475 (1992), affd. without published opinion 23 F.3d 406 (6th Cir. 1994). The portion of the claim attributable to a capital loss carryforward is not so limited. The amount of carryforward claimed in petitioner's 1993

return was $788. The statute of limitations on a capital loss carryforward arising from a bad debt deduction is 7 years. Sec. 6511(d)(1). Petitioner was in the 28 percent marginal tax bracket in 1993. The maximum portion of an overpayment attributable to the capital loss carryforward ($788) would be $221.[4] Consequently, we hold that petitioner is entitled to a refund for 1993 in the amount of $221.

For 1994, respondent concedes that petitioner's tax liability is $15,787 as shown by petitioner on his delinquent return and that petitioner had tax withheld from his wages in the total amount of $18,875. This results in an overpayment of $3,088. None of this amount is claimed to be related to a capital loss carryforward. For the reasons stated above, the tax withheld is deemed to have been paid on April 15, 1995, and the hypothetical claim for refund was made on September 17, 1997. The hypothetical claim for refund, having been made more than 2 years from the date the tax was deemed paid, is time barred by virtue of sections 6511(b)(2)(B) and 6512. Commissioner v. Lundy, supra; Galuska v. Commissioner, supra; Allen v. Commissioner, supra.

---

[4]The amount of the overpayment attributable to the capital loss carryforward is the product of the full amount of the loss carryforward times petitioner's marginal rate; i.e., $788 x .28 = $221. Respondent agrees that petitioner is entitled to an overpayment of $221 for 1993.

For 1995, respondent concedes petitioner's tax liability is $25,113, the amount shown by petitioner on his return for that year. The parties agree that the total amount petitioner had withheld from his wages was $24,943. Petitioner's income tax deficiency for 1995 is $170.

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a timely return for 1995. Generally, individual income tax returns must be filed on or before the 15th day of April following the close of the calendar year. Sec. 6072(a).

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return. The addition to tax is equal to 5 percent of the amount required to be shown as tax on the return, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

A taxpayer may avoid the addition to tax by establishing that the failure to file a timely return was due to reasonable cause and not willful neglect. Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985). Petitioner presented no evidence as to the cause for the late filing. In the absence of a satisfactory explanation for the failure to file a timely return, we cannot conclude that the failure was due to a reasonable cause. Consequently, we uphold respondent's

determination that petitioner is liable for an addition to tax for the 1995 taxable year pursuant to section 6651(a)(1).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>