CHRISTINE PATRONIK-HOLDER, PETITIONER
*v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 18048-91.          Filed April 26, 1993.

*Charles C. Stewart,* for petitioner.
*Mario J. Fazio,* for respondent.

---

OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, *Special Trial Judge:* Respondent determined a deficiency of $5,437 in petitioner's Federal income tax for 1988 and additions to tax under section 6651(a)(1) of $312.75 and under section 6653(a)(1) of $271.85. In the answer to the petition, respondent claimed an increased deficiency of $5,073, or total deficiency of $10,510; a reduction in the section 6651(a)(1) addition to tax to $100; and an increased section 6653(a)(1) addition to tax of $253.62, or a total of $525.50; and alleged that the claimed refund of $121 for petitioner's overpayment of 1988 tax is barred by section 6512(b).

The issues for decision are: (1) Whether petitioner is entitled to a $1,523 credit to apply to her 1988 Federal income tax as the result of a claimed overpayment of her 1987 Federal income tax; (2) whether petitioner is entitled to a $121 refund for overpayment of her 1988 Federal income tax; (3) whether petitioner is liable for the section 6651(a)(1) addition to tax for 1988 because the joint tax liability of $10,510 was not satisfied by $10,631 of tax withholdings; and (4) whether petitioner is liable for the section 6653(a)(1) addition to tax.

The parties agree that for 1988: (1) Petitioner is entitled to a filing status of married, filing jointly; (2) petitioner's joint income tax liability with her spouse is $10,510; and (3) petitioner's joint income tax liability is subject to withholding credits under section 31(a) totaling $10,631, of which $4,186 was withheld from petitioner's wages, and $6,445 was withheld from her husband's wages.

Some of the facts have been stipulated, and they are found accordingly. Petitioner resided in Cleveland Heights, Ohio, at the time the petition was filed. Petitioner's husband, Timothy D. Holder (Mr. Holder), is not a party to this proceeding

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

because the notice of deficiency was addressed only to petitioner.

At the time the notice of deficiency was mailed, neither petitioner nor her spouse, Mr. Holder, had filed, either jointly or separately, any Federal income tax return for 1988. Based upon information provided by payors to the Internal Revenue Service (IRS), a notice of deficiency was sent only to petitioner for 1988, in which respondent determined the $5,437 tax deficiency based upon salary and wages of $30,757.66 earned by petitioner and reported to the IRS on Form W-2, Wage and Tax Statement. The deficiency was calculated upon petitioner's filing status as married, filing separately, the allowance of one personal exemption, and the standard deduction. The notice of deficiency allowed a $4,186 credit for withholding prepayments, with a balance of $1,251 owing in tax, plus the additions to tax.

After the notice of deficiency was mailed, petitioner and Mr. Holder had several conferences with IRS agents and Appeals officers. In the course of these conferences, they disclosed their joint income and expenses and prepared a joint Federal income tax return for 1988. Although petitioner and Mr. Holder prepared two Forms 1040, U.S. Individual Income Tax Return, for 1988, with slightly different numbers on the two returns, and there is some dispute between them as to the date petitioner and her spouse "filed" their return with the IRS, the parties do not dispute, as noted above, a joint income tax liability for 1988 of $10,510, withholding credits of $10,631, and petitioner's filing status as married, filing jointly.[2] None of the items of income, deductions, credits, or exemptions are in dispute. The IRS never assessed the tax liability shown on petitioner's joint return, nor did petitioner and Mr. Holder agree or consent to assessment of the tax.

## 1. *Claimed Credit in 1988 for Alleged 1987 Overpayment*

The first issue is whether petitioner is entitled to a $1,523 credit to apply to her 1988 Federal income tax as the result

---

[2] Petitioner contends the return was filed on Mar. 19, 1992, the date she and Mr. Holder met with the Internal Revenue Service Appeals officer. Respondent contends the return was filed May 2, 1992, with the Internal Revenue Service Cincinnati Service Center. In any event, the date of filing is immaterial, because the filing was long after the notice of deficiency was issued on May 22, 1991, and beyond the 2-year "look-back" period of limitations for refund under sec. 6511(b)(2)(B), discussed *infra*.

of a claimed overpayment of her 1987 Federal income tax. Petitioner contends that the 1987 Federal income tax of Mr. Holder and herself has been overpaid by $1,523, and this amount should be applied or credited to her 1988 joint tax liability. This Court is without jurisdiction to grant such relief. The notice of deficiency which is before the Court in this case pertains only to petitioner's 1988 tax year. The 1987 tax year is not before this Court. Section 6214(b) provides, in pertinent part:

The Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid.

Moreover, the jurisdiction of this Court under section 6512(b)(1) with respect to determining an overpayment is limited to the taxable year before the Court. Because the year 1987 is not before the Court, we have no jurisdiction to determine whether petitioner and her spouse in fact overpaid their 1987 taxes, and, if so, whether such overpayment may be credited, refunded, or applied to the 1988 tax year, which is before the Court in this proceeding.

2. *Claimed Refund for 1988 Overpayment*

The second issue is whether petitioner is entitled to a $121 refund for overpayment of her 1988 Federal income tax. Petitioner contends that, because her joint income tax liability for 1988 is $10,510, and the withholding credits total $10,631, both of which are undisputed, she is entitled to a refund of $121.

In determining whether the amount withheld in excess of the joint tax liability should be credited or refunded, we note that section 6512(a) and (b)(1) vests this Court with jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for any year before the Court.[3] However, section 6512(b)(3) limits the amount of the

---

[3] Because the notice of deficiency is addressed only to petitioner, but the petition was initially filed by petitioner and Mr. Holder, an order of this Court dated Nov. 6, 1991, dismissed jurisdiction as to petitioner's spouse, Mr. Holder. Therefore, the Court finds that petitioner's argument that a refund or credit should be allowed to her *spouse* is without merit.

allowable credit or refund based on the date the tax was paid. For example, the tax must be paid either after the mailing of the deficiency notice or within certain periods of limitations for filing a claim for credit or refund. Accordingly, the question of limitations first comes into focus in section 6512(b)(3), which provides, in part, as follows:

(3) LIMIT ON AMOUNT OF CREDIT OR REFUND.—No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

(A) after the mailing of the notice of deficiency,

(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

(C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency—

Next, it is necessary to decide the date upon which petitioner's withheld amounts are deemed to have been paid. Section 6513(b)(1) provides, in general, that any tax deducted and withheld at the source during any calendar year shall "be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31." Thus, all of the taxes withheld from the wages of petitioner and her spouse during 1988 ($10,631) are deemed to have been paid on April 15, 1989.

The next consideration is the time limitations provided for the allowance of credits and refunds. In this case none of the payments in question were made after the mailing of the notice of deficiency. See sec. 6512(b)(3)(A). Before the mailing of the deficiency notice, petitioner had not filed a Federal income tax return for 1988, nor had she filed any claim for credit or refund of an overpayment for 1988. See sec. 6512(b)(3)(C). Consequently, section 6512(b)(3)(B) limits the amount to be credited or refunded to that portion of the tax the Court determines to have been paid within the 2-year period applicable under section 6511(b)(2)(B).[4] A claim for

---

[4] The applicable "look-back" period is the 2-year period of sec. 6511(b)(2)(B) and not the 3-year period of sec. 6511(b)(2)(A), when no income tax return has been filed on or before the date the notice of deficiency was mailed. Sec. 6511(a); *Galuska v. Commissioner,* 98 T.C. 661, 666, 672 (1992).

refund need not actually be filed, because section 6512(b)(3)(B) only requires that a timely claim could have been filed seeking an overpayment at the time the deficiency notice was mailed.

The notice of deficiency in this case was mailed on May 22, 1991. Under section 6512(b)(3)(B), petitioner is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. See *Allen v. Commissioner,* 99 T.C. 475 (1992); *Berry v. Commissioner,* 97 T.C. 339 (1991); *Davison v. Commissioner,* T.C. Memo. 1992-709. Accordingly, under the 2-year period of limitation of section 6511(b)(2)(B), petitioner is entitled to a refund of any payments in excess of her tax which were made on or after May 22, 1989. There were no such payments or withholdings. Therefore, we hold that petitioner is not entitled to a refund for the overpayment in 1988.[5]

## 3. *Section 6651(a)(1) Addition to Tax*

The third issue is whether petitioner is liable for the section 6651(a)(1) addition to tax. Section 6651(a)(1) imposes an addition to tax in case of failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. This addition to tax is a percentage of the "amount required to be shown as tax on such return". Petitioner did not file a Federal income tax return for 1988 until 1992, after receiving the notice of deficiency. She offered no evidence to prove that her failure was due to reasonable cause and not due to willful neglect.

Petitioner contends that she is not liable for the addition to tax under section 6651(a)(1) because the joint tax liability of $10,510 was satisfied by $10,631 of tax withholdings. This is a question of first impression. Under section 6651(b)(1) the "amount of tax required to be shown" is reduced by withholding tax credits. The section 6651(a)(1) addition to tax applies only to the "net amount due". Therefore, for purposes of that section, the "amount required to be shown" on petitioner's joint return is zero. However, the last sentence of section 6651(a) imposes a minimum addition to tax if the failure to

---

[5] The Court notes that, even if petitioner's spouse had been named in the same notice of deficiency issued May 22, 1991, or one issued thereafter, he would likewise be barred from receiving a refund or credit for any overpayment due to excess withholding in 1988 for the same reason petitioner is not so entitled.

file an income tax return is more than 60 days after the prescribed filing date. Because petitioner's failure to file was in excess of 60 days after the prescribed filing date, there is due an addition to tax equal to the lesser of $100, or 100 percent of the *amount required to be shown as tax on such return.* (Emphasis added.)

Respondent's position is that the "amount required to be shown as tax on such return" is not reduced by withholding credits when applying the minimum addition to tax for extended failure to file. We think this position is inconsistent with the legislative history and statutory language of section 6651, and therefore petitioner is not liable for the minimum $100 addition to tax under section 6651(a).

The last sentence of section 6651(a), containing the minimum addition to tax for extended failure to file, was added by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 318, 96 Stat. 610. Our conclusion that petitioner is not liable for the minimum addition to tax is supported by the legislative history of this provision. The conference committee report states:

i. Minimum penalty for extended failure to file

*Present law*

Under present law, if a taxpayer fails to file a tax return on the date prescribed therefor (including extensions) and if there is an underpayment of the tax required to be shown on such return, then he is subject to a penalty of 5 percent of the underpayment per month (or fraction thereof) while the failure continues, but not more than 25 percent. Thus, no civil penalty is imposed on the taxpayer if there is no underpayment for the year or if a refund is due. In addition, no penalty is imposed if the failure is due to reasonable cause and not due to willful neglect.

*House bill*

No provision.

*Senate amendment*

A new minimum penalty for the extended failure to file an income tax return would be imposed. If an income tax return were not filed within 60 days of the date prescribed therefor (with extensions), the penalty for failure to file would be not less than $100 even if no tax were owed. This minimum penalty would not be imposed if the failure to file the return were due to reasonable cause.

The penalty would apply to returns due after December 31, 1982.

*Conference agreement*

The conference agreement follows the Senate amendment with the modification that the minimum penalty could not be imposed *unless there was*

*an underpayment of tax,* and could not exceed the lesser of the underpayment or $100. [Emphasis added.]
 [H. Conf. Rept. 97-760, at 571 (1982), 1982-2 C.B. 600, 648.]

It is apparent that, for the minimum penalty to apply, the congressional intent, as manifested in the conference agreement, is that there must be an underpayment of tax.[6] Petitioner did not have an underpayment of tax because the withholding credits exceeded the tax liability. Accordingly, we hold for petitioner on this issue.

### 4. *Section 6653(a)(1) Addition to Tax*

The final issue is whether petitioner is liable for the section 6653(a)(1) addition to tax for negligence. Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or disregard of rules or regulations. Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. *Neely v. Commissioner,* 85 T.C. 934, 947 (1985). It is well established that petitioner bears the burden of proof on this issue. *Bixby v. Commissioner,* 58 T.C. 757 (1972).

Petitioner contends that no underpayment exists upon which to apply the section 6653(a)(1) addition to tax. An "underpayment" for purposes of section 6653 is a "deficiency" as defined in section 6211. Sec. 6653(c)(1). Section 6211(a) defines a deficiency as the amount by which the tax liability exceeds the tax shown on a timely filed return. Further, section 6211(b)(1) provides that petitioner's tax shall be determined without regard to any withholding credits under section 31.[7] See *Sutherland v. Commissioner,* T.C. Memo. 1987-301. Therefore, because petitioner did not file a timely return, the deficiency and underpayment equals her tax liability of $10,510.

---

[6] For example, suppose a taxpayer owes $10,200 in tax, of which $10,000 is paid through withholding, and he files a return 3 months late. Without a minimum penalty, the taxpayer would owe an addition to tax of only $30, equal to 15 percent of $200 (the excess of $10,200 over $10,000). The minimum penalty raises this from $30 to $100. It is aimed at "persons who [owe] small amounts of tax." Staff of Joint Comm. on Taxation, General Explanation of Tax Equity and Fiscal Responsibility Act of 1982, at 207 (J. Comm. Print 1982).

[7] Petitioner argues that the amounts withheld under sec. 31(a) are "amounts previously assessed (or collected without assessment) as a deficiency" which reduce the amount of the "deficiency" under sec. 6211(a)(1)(B). This argument is without merit because the $10,631 in withholdings is properly characterized as withholding credits under sec. 31. See *Baral v. Commissioner,* T.C. Memo. 1978-383.

Having decided that, for purposes of section 6653(a)(1), an underpayment of $10,510 exists, the next question is whether the underpayment was due to negligence or intentional disregard of rules or regulations. Taxpayers have a statutory duty to timely file Federal income tax returns. Ordinarily, a reasonable and prudent person would comply with the prescribed deadline, and the breach of this duty is evidence of negligence. *Emmons v. Commissioner,* 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990). The addition to tax under section 6653(a)(1) may be imposed where an income tax return is filed late or not filed at all. *Thompson v. Commissioner,* 78 T.C. 558 (1982); *Reiff v. Commissioner,* 77 T.C. 1169 (1981); *Robinson's Dairy, Inc. v. Commissioner,* 35 T.C. 601, 608-609 (1961), affd. 302 F.2d 42 (10th Cir. 1962). It is clear that the underpayment was due to negligence or intentional disregard of rules or regulations. Accordingly, we hold that petitioner is liable for the section 6653(a)(1) addition to tax.

To reflect the foregoing,

> *Decision will be entered for respondent as to the deficiency and addition to tax under section 6653(a)(1) and for petitioner as to the addition to tax under section 6651(a)(1).*