JAGTAR SINGH KHINDA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Khinda v. Commissioner
Docket No. 22489-93
United States Tax Court
T.C. Memo 1994-617; 1994 Tax Ct. Memo LEXIS 624; 68 T.C.M. (CCH) 1452; December 19, 1994, Filed *624 Decision will be entered under Rule 155. Jagtar Singh Khinda, pro se. For respondent: Gary R. Botwinick. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined a deficiency of $ 18,376 in petitioner's 1990 Federal income tax. Respondent further determined additions to tax pursuant to sections 6651(a) and 6654(a)[1] in the amounts of $ 1,918.75 and $ 426.68, respectively. After concessions, the sole issue for decision is whether petitioner is entitled to a credit or refund for an overpayment of his 1990 Federal income tax. In so deciding, we must consider whether a Form 4868 (Application for Automatic Extension of Time To File U.S. Individual Income Tax Return) constitutes a valid tax return or a valid claim for credit or refund for purposes of sections 6011(a), 6511(b), and 6512(b). Background
*625 This case was submitted fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in New York, New York, at the time the petition was filed. As a result of Federal income tax withholding credits, petitioner paid a total of $ 10,724.09 of his 1990 income tax. Other than these withholding credits, petitioner made no other payments for his 1990 Federal income tax. The parties agree that petitioner has overpaid his 1990 Federal income tax. On April 14, 1991, petitioner timely filed a Form 4868 for the taxable year 1990. On July 13, 1993, respondent timely mailed to petitioner a notice of deficiency. As of July 13, 1993, petitioner still had not filed a Form 1040 for the taxable year 1990. On April 14, 1994, petitioner mailed a Form 1040 [2] for the taxable year 1990 to respondent. *626 Discussion
Under section 6512(b)(1), this Court has jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for the year at issue. Section 6512(b)(3) limits the amount of the credit or refund as follows: (3) LIMIT ON AMOUNT OF CREDIT OR REFUND. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could *627 have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
Respondent contends that neither subparagraph (A), (B), nor (C) apply, and, therefore, petitioner is not entitled to a refund or credit. We agree with respondent. Subparagraph (A) of section 6512(b)(3) requires that the tax be paid after the mailing of the notice of deficiency. The only Federal income taxes that petitioner paid for the 1990 taxable year were the amounts withheld from his income during 1990. Pursuant to section 6513(b)(1), petitioner is deemed to have paid these taxes on April 15, 1991. [3] Accordingly, none of petitioner's deemed payments were made after the mailing of the notice of deficiency. Therefore, subparagraph (A) of section 6512(b)(3) does not apply. *628 Subparagraph (C) of section 6512(b)(3) requires that the claim for refund be filed before the date of the mailing of the notice of deficiency. Petitioner argues that the Form 4868, which petitioner filed on April 14, 1991, constitutes a valid informal claim for refund, which was filed before the mailing of the notice of deficiency. We disagree. The purpose of a claim for refund is to put the Commissioner on notice that the taxpayer is asserting a right with respect to an overpayment of tax. Newton v. United States,143 Ct. Cl. 293, 163 F. Supp. 614, 618 (1958). The Supreme Court has held: that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period. * * * [United States v. Kales,314 U.S. 186, 194 (1941); citations omitted.]
The Form 4868, however, does not provide *629 the Commissioner sufficient notice that the taxpayer is claiming a refund. Rather, it simply provides an estimate of tax liability, based on the information available to the taxpayer at the time, so that the taxpayer may obtain an automatic extension of time in which to file an individual income tax return. The Form 4868 does not purport to be a claim for refund. Indeed, unlike a Form 1040, the Form 4868 does not contain a line on which to enter the amount to be "refunded to you", but only a line on which to indicate the "balance due". The Commissioner cannot be expected to determine overpayments of tax based only on the estimates provided on the Form 4868. Accordingly, we find that petitioner's Form 4868 does not constitute a valid informal claim for refund. We conclude, therefore, that subparagraph (C) of section 6512(b)(3) does not apply. The only question that remains is whether, pursuant to subparagraph (B) of section 6512(b)(3), petitioner is entitled to the taxes he overpaid for the taxable year 1990. Subparagraph (B) of section 6512(b)(3) provides that a credit or refund is allowed of any amount that could have been credited or refunded under section 6511(b)(2), *630 (c), or (d), if a claim for refund had been filed on the date of the mailing of the deficiency notice. Subsections (c) and (d) of section 6511 impose rules for special situations and are inapplicable here. Consequently, we focus on the time periods set forth in subsection (b)(2). Section 6511(b)(2) provides in pertinent part: (A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD. -- If the claim was filed by the taxpayer during the 3- year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
These provisions are often referred to as "look-back" rules. Allen v. Commissioner,99 T.C. 475, 477 (1992), affd. 23 F.3d 406 (6th Cir. 1994). If subparagraph *631 (A) applies, then the amount of credit or refund is limited to the amount of tax paid within the 3 years immediately preceding the filing of the claim -- the 3-year look-back period. If subparagraph (B) applies, then the look- back period is only 2 years. Id. at 478. In the present case, petitioner was deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed, or July 13, 1993. Sec. 6512(b)(3)(B); Patronik- Holder v. Commissioner,100 T.C. 374, 379 (1993); Allen v. Commissioner, supra at 477. Moreover, as previously mentioned, petitioner is deemed to have paid his taxes that were withheld during 1990 on April 15, 1991. Sec. 6513(b)(1). Thus, petitioner's 1990 taxes were paid more than 2 years, but less than 3 years, prior to the deemed filing of his claim for refund. Accordingly, petitioner is entitled to a refund of his overpayment only if the 3-year look-back period described in subparagraph (A) of section 6511(b)(2) applies. For the 3-year look-back period to apply, the claim for refund must have been filed by the taxpayer during the *632 3-year period prescribed in section 6511(a). Section 6511(a) provides, generally, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time a valid return was filed, or 2 years from the time the tax was paid, whichever period expires later. Section 6511(a) also provides that if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Thus, in order for the 3-year period of section 6511(a) to apply, the return must be filed at or before the time at which the claim for refund is filed or deemed to be filed. Allen v. Commissioner, supra;Berry v. Commissioner,97 T.C. 339, 344 (1991). Petitioner argues that the Form 4868, which was filed before the notice of deficiency was mailed (i.e., the deemed filing of the claim for refund), constitutes a valid return. We disagree. On brief, petitioner points to the broad definition of "return" set out in section 6103(b)(1), which provides in pertinent part: (b) DEFINITIONS. -- For purposes of this section -- (1) RETURN. -- The term "return" means any tax or information return, declaration *633 of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title * * * and any amendment or supplement thereto * * *
However, this definition expressly applies only "For purposes of this section", which addresses the confidentiality and disclosure of returns and return information. It does not apply where the information required on the Form 1040 has not been provided in the first instance. Galuska v. Commissioner,98 T.C. 661, 667 (1992), affd. 5 F.3d 195 (7th Cir. 1993). This Court has previously set forth the essential elements of a return: The Supreme Court test to determine whether a document is sufficient for statute of limitations purposes has several elements: First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury. [Beard v. Commissioner,82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986).] *634 This Court has specifically held that a Form 4868 does not meet all these elements and, therefore, does not constitute a return for statute of limitations purposes. Galuska v. Commissioner, supra at 669-670. Although execution of a Form 4868 attempts to satisfy some of the requirements of the tax laws and is performed under penalties of perjury, the Form 4868 does not purport to be a tax return and does not contain sufficient information from which to calculate tax liability. Id.
We find that the Form 4868 filed by petitioner does not constitute a valid return. Because petitioner did not file his 1990 Federal tax return until April 14, 1994 -- after the claim for refund was deemed to be filed -- the 3-year period of section 6511(a) does not apply. As a result, the 2-year look-back period of section 6511(b)(2)(B), rather than the 3-year look-back period of 6511(b)(2)(A), applies. Having already concluded that petitioner's claim for refund was deemed filed more than 2 years after his 1990 tax was deemed paid, we hold that petitioner is not entitled to an overpayment for his 1990 tax year. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On the top of petitioner's Form 1040, he hand wrote the word "AMENDED". Respondent argues that the addition of the word "amended" does not change the legal effect of the Form 1040 as petitioner's tax return, nor does it convert the Form 4868 into a Form 1040. We agree with respondent.↩
3. Sec. 6513(b)(1) provides in pertinent part: (1) Any tax actually deducted and withheld at the source during any calendar year * * * shall * * * be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31↩.