T.C. Summary Opinion 2003-65

UNITED STATES TAX COURT

FRANK AND LOU-ANN GUARNA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9524-01S.                    Filed May 29, 2003.

Frank and Lou-Ann Guarna, pro sese.

<u>Elaine T. Fuller</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $918 and an addition to tax of $100 pursuant to section 6651(a)(1) in petitioners' Federal income tax for the taxable year 1997. Respondent also determined a deficiency in petitioners' Federal income tax for 1998 of $586.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners lived in Sierra Madre, California. References to petitioner in the singular are to Frank Guarna.

In the notice of deficiency, respondent determined that petitioners: (1) Failed to report interest income of $45 for the 1997 tax year; (2) are liable for self-employment tax of $318 for the 1997 tax year; (3) are liable for an addition to tax of $100 pursuant to section 6651(a)(1) for failure to file their 1997 tax return by the prescribed due date; (4) failed to report capital gain income of $953 for the 1998 tax year; (5) failed to report dividend income of $43 for the 1998 tax year; and (6) failed to report a taxable State tax refund of $563 for the 1998 tax year.

In the stipulation of facts, petitioners conceded that the State income tax refund of $563 is includable in income for the 1998 tax year. Respondent conceded in the stipulation of facts that petitioners are entitled to a $2,000 deduction in the 1998 tax year for a contribution to an individual retirement account.

At trial, petitioners conceded that: (1) The unreported interest income of $45 is includable in their gross income for the 1997 tax year; (2) the unreported capital gain income of $953 is includable in income for the 1998 tax year; and (3) the unreported dividend income of $43 is includable in income for the 1998 tax year.

After the above concessions, the remaining issues for decision are: (1) Whether petitioners are liable for self-employment tax for the 1997 tax year; and (2) whether petitioners are liable for an addition to tax pursuant to section 6651(a)(1) for the 1997 tax year. Adjustments for the (1) self-employment tax and the deduction therefor, (2) reduction to medical and dental expenses pursuant to section 213(a), (3) reduction to miscellaneous itemized deductions pursuant to section 67(a), and (4) alternative minimum tax, if applicable, are computational and will be resolved by the Court's holding in this case.

During the years at issue, petitioner worked as an actor and model. He has appeared in movies, stage presentations, television shows, commercials, and print work. Petitioner goes by the professional name of "Frank Isles". Related to his acting and modeling during 1997, petitioner received (1) combined wages of $10,915 reported on 7 separate Forms W-2, Wage and Tax Statement, and (2) self-employment income of $2,250 reported on Form 1099-MISC, Miscellaneous Income. In addition, petitioner

received $16,511 of Form W-2 wages and tip income from working at 2 restaurants during 1997.

On petitioners' 1997 tax return they reported other income of $2,250 related to self-employment income that petitioner received from L.A. Models Inc.  In the description field of line 21, Other income, on the 1997 Form 1040 tax return, petitioners reported that the $2,250 was income from Schedule C, Profit or Loss From Business.  However, petitioners did not submit a Schedule C with their 1997 tax return.

On petitioners' 1997 Schedule A, Itemized Deductions, they claimed a total of $34,430 of miscellaneous itemized deductions. Except for a tax preparation fee of $450, the $34,430 consists of unreimbursed business expenses.  At trial, petitioners presented a schedule individually listing each of their business expenses for the 1997 tax year, which totaled $41,972.84.  The $41,972.84 of business expenses consists of the $34,430 deducted on Schedule A and an additional $7,542.84 of business expense that was not deducted on the 1997 tax return.  At trial, the Court directed respondent to meet with petitioners and attempt to resolve the substantiation issue related to the additional business expenses on petitioners' schedule.

In respondent's status report filed after the conclusion of the trial while the record was still open, respondent acknowledged that petitioners presented documents substantiating

the $34,430 of expenses deducted on the Schedule A.  Respondent further acknowledged that petitioners presented documentation substantiating the additional $7,542.84 of unreimbursed business expenses that petitioners listed on the schedule presented at trial.

We decide the deficiency issues in this case on the basis of the record without regard to the burden of proof.  Accordingly, we need not decide whether the general rule of section 7491(a)(1) is applicable in this case.  See Higbee v. Commissioner, 116 T.C. 438 (2001).

Schedule C–Business Expense Deductions

Petitioner testified at trial that he should have filed a Schedule C with the 1997 tax return.  At trial, petitioner presented a list of expenses that he asserts relate to the production of the $2,250 of self-employment income.  The list of expenses that petitioner claims should have been reported on Schedule C includes the following:

| | |
|---|---|
| Pictures | $ 600.00 |
| Parking | 20.00 |
| Agent | 450.00 |
| Directories | 190.00 |
| Computer | 750.00 |
| Meals | 306.00 |
| Education | 1,130.00 |
| Dues | 170.00 |
| Phone | 28.00 |
| Supplies | 18.00 |

| | |
|---|---|
| Ent., Publicity | 824.00 |
| Networking | 307.00 |
| Mileage | 290.00 |
| Total expenses | $5,083.00 |

Petitioners did not produce documentation at trial to substantiate any of the above expense items, except for the $450 agent fee. However, petitioners claim that the above expenses were included in the $34,430 of business expenses deducted on Schedule A that respondent concedes were substantiated by petitioners. Petitioners request that the $5,083 of business expenses be removed as deductions from Schedule A and be reported as Schedule C expense deductions.

Section 162(a) allows a taxpayer to deduct ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. Du Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs.

Generally, if a claimed business expense is deductible, but the taxpayer is unable to fully substantiate it, the Court is

permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The estimate must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). However, section 274 supersedes the Cohan doctrine, see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), and requires strict substantiation of expenses for travel, meals and entertainment, and gifts, and with respect to any listed property as defined in section 280F(d)(4).

A taxpayer is required by section 274(d) to substantiate a claimed expense by adequate records or by sufficient evidence corroborating the taxpayer's own statement establishing the amount, time, place, and business purpose of the expense. Sec. 274(d). Even if such an expense would otherwise be deductible, the deduction may still be denied if there is insufficient substantiation to support it. Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

We find petitioner's testimony in this matter to be truthful. We agree with petitioner that he has substantiated the business expenses deducted on Schedule A and that the amounts have been accepted by respondent. We further agree that a portion of the expenses should have been reported on Schedule C instead of Schedule A. However, we do not agree with the

allocation petitioner used to determine the amount of Schedule C expenses. Therefore, we shall apply the <u>Cohan</u> doctrine to each of the above expenses that petitioner asserts relate to the L.A. Models Inc. job to decide the amount that should have been claimed on Schedule C.

Unless an expense was directly incurred for the L.A. Models Inc. job, the total business expenses reported on Schedule A should be prorated according to the amount of time spent on the particular job. Petitioner testified that he worked a total of 205 days in 1997. Petitioner further testified that the L.A. Models Inc. job lasted 4 days. Therefore, 1.95 percent of petitioner's total days worked was spent on the L.A. Models Inc. job. Accordingly, 1.95 percent of petitioner's total business expenses reported on Schedule A that relate to the L.A. Models Inc. job are proper Schedule C expenses.

Of the above expenses that petitioner asserts relate to the L.A. Models Inc. job, petitioner testified that the $20 for parking, $450 for agent fee, and the $306 for meals were expenses directly incurred during that job. Petitioner presented documentation at trial to substantiate that the $450 agent fee directly related to the L.A. Models Inc. job. Since petitioner deducted expenses for parking on Schedule A that respondent agrees were substantiated, we find that petitioner is entitled to a Schedule C deduction of $20 for parking. Petitioner did not

deduct an amount on Schedule A for meals, nor has he substantiated an amount therefor. Because the Cohan doctrine is superseded by section 274, which requires strict substantiation for meals, petitioner is not entitled to a Schedule C deduction for the $306 of meals.

Petitioner alleges that $290 of mileage expense was incurred during the L.A. Models Inc. job. Respondent agreed that petitioner did substantiate the total mileage deduction on Schedule A. However, no evidence was presented relating to actual operating and fixed costs for this travel. Petitioner testified that he traveled 120 miles round trip for 4 days working on the job, for a total of 480 miles. Since the business standard mileage rate for 1997 was 31.5 cents per mile, petitioner is entitled to a Schedule C deduction of $176 for mileage expense. See Rev. Proc. 96-63, 1996-2 C.B. 420.

Petitioner asserts that $750 of expense relating to a computer should be deducted on Schedule C. Pursuant to section 280F(d)(4), a computer is listed property. As such, a deduction relating to a computer requires strict substantiation under section 274(d). Petitioner failed to present any evidence that the computer was used to obtain the L.A. Models Inc. job. Further, petitioner failed to present the amount of personal computer use to determine the business use percentage. Petitioner's failure to substantiate sufficiently the computer

expense precludes him from claiming a Schedule C deduction relating to the computer. As respondent concedes that petitioners have substantiated their business expenses, we do not disturb the total amount respondent allowed as a computer deduction on Schedule A.

While we do not agree with the amounts determined for the remaining expenses that petitioner alleges should be reported on Schedule C, we find that the remaining expenses from above do relate to the L.A. Models Inc. job. These remaining expenses are allocated based on 1.95 percent of the total amount claimed for these expenses on petitioners' original Schedule A, rounded to the nearest dollar. A description of the expense related to the L.A. Models Inc. job, the total amount claimed on the original Schedule A for that expense, and the prorated amount that is allowed on Schedule C is as follows:

|  | As Reported on Schedule A | Prorated Amount |
|---|---|---|
| Pictures | $4,021.00 | $78.00 |
| Directories | 318.00 | 6.00 |
| Education | 1,400.00 | 27.00 |
| Dues | 160.00 | 3.00 |
| Phone | 710.00 | 14.00 |
| Supplies | 180.00 | 4.00 |
| Ent., publicity & networking | 6,657.00 | 130.00 |
| Total expenses | $13,446.00 | $262.00 |

Based on our findings above, petitioner is entitled to Schedule C expense deductions relating to the L.A. Models Inc. job, as follows:

| | |
|---|---|
| Pictures | $78.00 |
| Parking | 20.00 |
| Agent | 450.00 |
| Directories | 6.00 |
| Education | 27.00 |
| Dues | 3.00 |
| Phone | 14.00 |
| Supplies | 4.00 |
| Ent., publicity & networking | 130.00 |
| Mileage | 176.00 |
| Total expenses | $908.00 |

Accordingly, respondent must subtract $908.00 of unreimbursed business expense from petitioners' 1997 Schedule A to account for the expense deductions now allowed on Schedule C.

Petitioner's net income from self-employment relating to the L.A. Models Inc. job is as follows:

| | |
|---|---|
| Self-employment income | $2,250.00 |
| Total expenses | 908.00 |
| Net income | $1,342.00 |

Self-Employment Tax

Respondent determined that petitioners are liable for $318 of self-employment tax on the $2,250 of income received from L.A. Models Inc. Section 1401 imposes a tax on the self-employment income of individuals.

Self-employment income means the net earnings from self-employment derived by an individual. Sec. 1402(b). In general,

net earnings from self-employment means the gross income derived by an individual from any trade or business that he or she carries on, reduced by allowable deductions attributable thereto. Sec. 1402(a).

Above, we determined that petitioner had allowable deductions of $908, reducing his income from self-employment to $1,342. Accordingly, we hold that petitioners are liable for self-employment tax on $1,342 of self-employment income.

Other Items

Since petitioners substantiated to respondent an additional $7,542.84 of business expenses for the 1997 tax year, petitioners are entitled to this additional expense as an unreimbursed employee expense deduction on Schedule A.

At trial, petitioner testified that petitioners paid $414.27 of home mortgage interest that was not reported on their 1997 Schedule A. Further, petitioners presented documentation substantiating the additional $414.27 of mortgage interest not deducted on their 1997 tax return. Accordingly, petitioners are entitled to an additional mortgage interest deduction on their 1997 Schedule A for $414.27.

Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file a

return, up to 25 percent in the aggregate.  The addition to tax is imposed on the net amount due, calculated by reducing the amount required to be shown as tax on the return by any part of the tax which is paid on or before the date prescribed for payment of the tax.  Sec. 6651(b)(1).  The flush language of section 6651(a) provides that in the case of a failure to file within 60 days of the date prescribed for the filing of such return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, the addition to tax under section 6651(a)(1) shall not be less than the lesser of $100 or 100 percent of the amount required to be shown as tax on such return.  See Patronik-Holder v. Commissioner, 100 T.C. 374, 379-381 (1993).

Petitioners' 1997 Federal income tax return was due on April 15, 1998.  See sec. 6072(a); sec. 1.6072-1(a), Income Tax Regs. Petitioners filed their 1997 Federal income tax return on August 13, 1998, well over 60 days past the due date.  Respondent has met his burden of production with respect to the addition to tax, and petitioners bear the burden of proving the addition to tax does not apply.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447.  Petitioners have not offered any evidence to show that the delay was due to reasonable cause.  We therefore sustain respondent's determination that petitioners are liable for the addition to tax under section 6651(a)(1).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

Under Rule 155.